IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARNOLD MCELROY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) MISC. ACTION 18-0002-WS-MU |
| | ) |
| **JEWELL SUMRALL,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for enforcement of judgment by means of a charging order. (Doc. 18). The defendant has filed a response and the plaintiff a reply, (Docs. 20, 24), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

The plaintiff obtained in the Eastern District of Pennsylvania a judgment against the defendant and others in excess of $3 million, which judgment has been properly registered in this District. (Doc. 1). The plaintiff now seeks a charging order against the defendant's membership interest in Diamond Scaffold Services, L.L.C. ("Diamond"). Diamond was formed under the laws of Louisiana, (Doc. 14), and it remains a Louisiana LLC. (Doc. 15 at 2; Doc. 18 at 9). Diamond's principal place of business is in Baldwin County, (*id.*), the defendant's county of residence. (*Id*. at 7).

## DISCUSSION

The plaintiff seeks a charging order pursuant to Alabama Code § 10A-5A-5.03. In the alternative, the plaintiff seeks a charging order pursuant to Louisiana Revised Statutes 12:1331. (Doc. 18 at 3).

**I. Alabama.**

Alabama law permits the issuance of a charging order against the transferable interest[1] of a judgment debtor in a "limited liability company." Ala. Code § 10A-5A-5.03(a). The parties disagree over whether Diamond is a "limited liability company" for purposes of this provision.

"'Limited liability company,' except in the phrase 'foreign limited liability company,' means an entity formed or existing under this chapter." Ala. Code § 10A-5A-1.02(k). The plaintiff concedes that Diamond was formed under Louisiana law. (Doc. 18 at 8). The plaintiff contends, however, that Diamond is "existing under" Chapter 5A, on the grounds that it is qualified to do business in Alabama, which qualification required it to apply for registration. (*Id*. at 10-11). For several reasons, the Court rejects the plaintiff's argument.

Most importantly, the comments to Section 10A-5A-1.02 confirm that "'[l]imited liability company' is defined as domestic only" and that the phrase purposely excludes "foreign limited liability companies." The plaintiff expressly concedes that Diamond "is a foreign limited liability company." (Doc. 18 at 8). Diamond cannot simultaneously be both a domestic LLC and a foreign LLC, so the plaintiff's concession is fatal to its position.

The plaintiff stresses that, under the predecessor to Section 10A-5A-1.02, a limited liability company was defined as "[a]n organization that is formed *and* existing under this chapter." Ala. Code § 10A-5-102(6) (emphasis added) (superseded by statute). The plaintiff believes the change from the conjunctive "and" to the disjunctive "or" must signal the legislature's intent to subject foreign limited liability companies to charging orders issued under Alabama law. (Doc. 18 at 9-11). As noted, however, the defined term "limited liability company" excludes foreign LLC's and thus limits the range of entities subject to charging orders to domestic LLC's. Whatever the significance of the change from "and" to "or," it does not expose foreign LLC's to charging orders.

---

[1] A "transferable interest" is defined as "a member's right to receive distributions from a limited liability company …". Ala. Code § 10A-5A-1.02(t).

Nor is there reason to believe that Diamond is "existing under" Alabama law simply because it is qualified to do business here. The plaintiff cites no authority to support its position, and it seems clear that the phrase connotes the entity's dependency on the state for its existence. For example, "[a] municipal corporation is but a creature of the State, existing under and by virtue of authority and power granted by the State." *Ex parte Tulley*, 199 So. 3d 812, 821 (Ala. 2015) (internal quotes omitted). As a Louisiana LLC, Diamond does not depend on Alabama for its existence but only for permission to do business in this state. The commentary's clear restriction of "limited liability company" to "domestic" LLC's underscores that "existing under" must be given a restrictive construction consistent with domestic LLC status.

**II. Louisiana.**

"On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of judgment with interest." La. Stat. Ann. § 12:1331. The plaintiff argues that this is a "court of competent jurisdiction" within the contemplation of Section 12:1331. The plaintiff assumes that the phrase means possession of subject matter jurisdiction and personal jurisdiction over the defendant, which it says exist here. (Doc. 18 at 6-8, 11-12).

The plaintiff offers no legal or other authority construing the Louisiana statute, and the Court declines to conclude, based on the general language from other jurisdictions on which the plaintiff relies, that Louisiana considers an Alabama federal court to be a "court of competent jurisdiction" to issue a charging order against a Louisiana LLC. Moreover, the plaintiff acknowledges that, pursuant to Rule 69(a), "[t]he procedure on execution … must accord with the procedure of the state where the court is located," (Doc. 18 at 4), and it has failed to explain how issuance of a charging order under a Louisiana statute could constitute execution in accordance with Alabama procedure.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for charging order is **denied**.

DONE and ORDERED this 3rd day of May, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
